IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STANLEY DARLAND, an individual,
ROSE DARLAND, an individual,

    Plaintiffs,

vs.                                                             No. CIV 10-1203 JP/RHS

AURORA LOAN SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 22, 10, Defendant filed Aurora Loan Services LLC's Motion to Dismiss Complaint Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (Doc. No. 5). Plaintiffs had fourteen days after service of the Motion to Dismiss within which to file a response. D.N.M.LR-Civ. 7.4(a). To date, Plaintiffs have not responded to the motion. On January 11, 2011, Defendant filed a Notice of Completion of Briefing (Doc. No. 7). The failure to file a timely response constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(a).

The Court has also considered the merits of the Motion to Dismiss and concludes that the Motion to Dismiss should be granted, with prejudice, as to Count One, Count Two, Count Three and Count Four of Plaintiffs' Complaint for Money Damages for Breach of Statutory Duty, Negligence, Conversion, Unjust Enrichment, Imposition of a Construction Trust, Intentional Infliction of Emotional Distress and Prima Facie Tort ("Complaint") (Doc. No. 1-2) because those four counts are based on the erroneous premise that N.M.S.A. 1978 § 42-10-9, the homestead exemption statute, afforded Plaintiff's a basis for asserting these four counts; to the contrary, N.M.S.A. 1978 § 42-10-11 clearly provides that Section 42-10-9, the homestead exemption, does not apply to the recorded liens of mortgages which Defendant foreclosed.

It is unclear whether Count Five of the Complaint (intentional infliction of emotional distress) is based entirely on Plaintiffs' claim of a homestead exemption; it may be based on conduct of the Defendant that went beyond the normal activities involved in foreclosing mortgage liens.  However, Plaintiffs have not clearly alleged the elements of intentional infliction of emotional distress and it is unclear to the Court whether Plaintiffs might be able to do that.  Consequently, as to Count Five, the Court concludes that the Motion to Dismiss should be granted to the extent that Count Five should be dismissed without prejudice.

As to Count Six of the Complaint, it appears that Plaintiffs are asserting two bases for this prima facie tort claim.  First, Plaintiffs seem to allege that Defendant in some manner converted Plaintiffs' homestead exemptions.  Again, this theory would be based on the false premise that Plaintiffs had the right to claim homestead exemptions under N.M.S.A. 1978 § 42-10-9.  Consequently, to the extent Count Six is grounded in that theory, it should be dismissed with prejudice.  It also seems that Plaintiffs allege as a separate ground for Count Six that Defendant submitted a false affidavit related to the underlying mortgage foreclosure action.  That mortgage foreclosure action was reduced to judgment in state court followed by a mortgage foreclosure sale.  The state court judgment would be the only injury Plaintiffs sustained as a result of the allegedly false affidavit supporting the mortgage foreclosure action.  The *Rooker-Feldman* doctrine *[Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)] "prohibits federal suits that amount to appeals of state court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).  Hence, as to the false affidavit ground that Plaintiffs may be attempting to assert as a basis for their prima facie tort claim, this federal court is without jurisdiction and that theory should be dismissed without prejudice.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 5) is granted first on the ground that Plaintiffs have consented to the granting of the motion and second on the merits, and Plaintiffs' claims in their Complaint will be dismissed by a separate Order of Dismissal that will be entered contemporaneously with this Memorandum Opinion and Order.

*James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE